FILED
OCT 18 2012
CLERK
U.S. DISTRICT COURT
MIDDLE DIST. OF ALA.

IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA ) | |
| ) | |
| v.  ) | CR. NO. 2:12cr204-MEF |
| ) | [18 U.S.C. § 1344; |
| EDMUND LEE MCCALL, a/k/a, Trey, or Tra, ) | 18 U.S.C. § 1349; |
| COREY GERARD HARRIS, a/k/a Tazz, ) | 18 U.S.C. § 1028A] |
| NAKEISHA ROCHELLE RICHARDSON MOORE,) | |
| ROSIE LEE MURPHY, ) | |
| ANDREW MILTON WILLIAMS, ) | |
| VANESSA VALEASE GORDON ) | **INDICTMENT** |

**The Grand Jury charges that:**

**INTRODUCTION**

1. At all times material to this Indictment:

   a. Bank of America, National Association, Chase Bank USA, National Association, Colonial Bank, Compass Bank, and Wachovia Bank, National Association, Regions Financial Corp., were all Federal Deposit Insurance Corporation (FDIC) insured banks. Max Credit Union was a National Credit Union Administration (NCUA) insured credit union. All of the foregoing entities were "financial institutions" within the meaning of Title 18, United States Code, Section 20;

   b. A Spoofcard was a technology source that allowed one to change an outgoing phone number as well as one's voice. With the use of a Spoofcard, a male voice could be changed to a female voice. Also, when one placed a call from a phone, the Spoofcard would change the phone number so that it would appear on the receiving end caller id as a different phone number.

c. Intelius.com was a people search website which for a fee would allow access to biographical information of individuals, including the person's name, age, social security numbers and date of birth.

## COUNT ONE
(Conspiracy to Commit Bank Fraud and Wire Fraud)

2. The factual allegations contained in Paragraph 1 of the Introduction Section of this Indictment are realleged and incorporated herein as if copied verbatim.

3. Beginning on a date unknown to the grand jury and continuing up to at least June 2009, Montgomery, Alabama in the Middle District of Alabama, and elsewhere, the defendants,

EDMUND LEE MCCALL, a/k/a., Trey, or Tra,
COREY GERARD HARRIS, a/k/a., Tazz,
NAKEISHA ROCHELLE RICHARDSON MOORE,
ROSIE LEE MURPHY,
ANDREW MILTON WILLIAMS, and
VANESSA VALEASE GORDON

did conspire with each other and with others known and unknown to the grand jury, conspire to commit offenses, namely:

a. to knowingly execute and attempt to execute a scheme and artifice to defraud financial institutions, and to obtain moneys, funds, credits and other property owned by, and under the custody and control of, financial institutions, by means of materially false and fraudulent pretenses, representations, and promises, contrary to Title 18, United States Code, Section 1344, and

b. to devise and intend to devise a scheme and artifice to defraud and for obtaining money and property by means of materially false and fraudulent pretenses, representations, and promises and to execute that scheme and artifice through the use of interstate wire communications, contrary to Title 18, United States Code, Section 1343.

4.      The conspiracy affected financial institutions, namely those listed in paragraph 1 of this Indictment.

## THE OBJECTS OF THE CONSPIRACY

5.      The object of the conspiracy was to fraudulently obtain credit cards and cash by using credit and biographical information of unsuspecting victims. The credit cards were also used to pay for Spoofcards and Intelius.com services, which were used as part of the conspiracy.

## MANNER AND MEANS

6.      EDMUND LEE MCCALL, a.k.a. Trey or Tra ("EDMUND MCCALL"), recruited and worked with VANESSA VALEASE GORDON, COREY GERARD HARRIS, a.k.a., Tazz ("COREY GERAD HARRIS"), NAKEISHA ROCHELLE RICHARDSON MOORE, ANDREW MILTON WILLIAMS and others known and unknown to the grand jury to steal credit cards, biographical information, and credit information of individuals.

7.      As part of the conspiracy, a "dummy mail box" was set up at a Montgomery, Alabama post office. VANESSA VALEASE GORDON who worked as a postal employee in Montgomery, Alabama, would redirect mail, including mail which contained credit cards, to this "dummy mail box."

8.      After the mail was redirected to the "dummy mail box", ANDREW MILTON WILLIAMS or others known and unknown to the grand jury would pick up the mail and deliver it to EDMUND LEE MCCALL.

9.      Once EDMUND LEE MCCALL received and opened the stolen mail, he would input the victim's name and address into Intelius.com and obtain the victim's date of birth and verify the victim's address.

10. After running the information through Intelius.com, EDMUND LEE MCCALL would then contact COREY GERARD HARRIS and provide him with the victims' biographical information.

11. COREY GERARD HARRIS would then contact NAKEISHA ROCHELLE RICHARDSON MOORE, who due to the nature of her employment had the ability to obtain credit reports, and give her the victims' biographical information that he received from EDMUND LEE MCCALL.

12. NAKEISHA ROCHELLE RICHARDSON MOORE would then access the victims' credit reports and obtain the victims' social security numbers and other related information. After this additional information was gathered, NAKEISHA ROCHELLE RICHARDSON MOORE, COREY GERARD HARRIS or ROSIE LEE MURPHY would contact EDMUND LEE MCCALL with the social security numbers and additional information pertaining to the victim.

13. EDMUND LEE MCCALL would then call the credit card company using a Spoofcard to mask his true identity and activate the victims' credit card.

14. The cards obtained as part of this scheme were used to make purchases, withdraw money from ATMs, and to obtain cash advances without the victims' permission. The victims' information was also used to conduct fraudulent wire transactions involving the victims' banking accounts.

All in violation of Title 18, United States Code, Section 1349.

## COUNTS TWO THROUGH FIVE
(Bank Fraud)

15. The allegations set forth in paragraphs 1-14 of this Indictment are hereby realleged as if set forth herein.

16. On or about the dates listed below, in Montgomery County, the Middle District of Alabama, the Defendants,

ROSIE LEE MURPHY, and
ANDREW MILTON WILLIAMS

while aiding and abetting each other did execute and attempt to execute a scheme and artifice to defraud financial institutions, and to obtain moneys, funds, credits and other property owned by, and under the custody and control of, financial institutions, by means of materially false and fraudulent pretenses, representations, and promises, as described for each count below:

| Count(s) | Defendant | Date | Fraudulent transactions |
|---|---|---|---|
| Two | ROSIE LEE MURPHY | 08/14/2007 | Withdrawing $500 from Compass Bank by using a Chase Bank credit card which was fraudulently opened in victim A.C.'s name. |
| Three | ANDREW MILTON WILLIAMS | 09/21/2007 | Withdrawing $400 from a Wachovia ATM by using victim F.C.C.'s stolen Chase Bank credit card. |
| Four | ROSIE LEE MURPHY | 11/07/2007 | Taking a $5,200 cash advance on a Bank of America MasterCard credit card which was fraudulently opened in victim M.C.'s name. |
| Five | ROSIE LEE MURPHY | 11/14/2007 | Taking a $1,500 cash advance on a Bank of America MasterCard credit card which was fraudulently opened in victim M.C.'s name. |

All in violation of Title 18, United States Code, Section 1344.

## COUNTS SIX THROUGH ELEVEN
(Aggravated Identity Theft)

On or about the dates listed below, in Montgomery Alabama in the Middle District to Alabama, the Defendants,

> EDMUND LEE MCCALL, a/k/a, Trey, or Tra,
> COREY GERARD HARRIS, a/k/a., Tazz,
> NAKEISHA ROCHELLE RICHARDSON MOORE,
> ROSIE LEE MURPHY,
> ANDREW MILTON WILLIAMS, and
> VANESSA VALEASE GORDON

while aiding and abetting each other, did knowingly transfer, possess and use the means of identification of an actual person known to the grand jury, without lawful authority, during and in relation to the offense charged in this Indictment as Count One, that is, conspiracy to commit bank and wire fraud, in violation of Title 18, United States Code, Section 1349, as described below:

| Count(s) | Date | Victim | Transfer, Possession and Use of Means of Identification |
|---|---|---|---|
| Six | October 24, 2007 | M.C. | Reactivation of a Bank of America credit card that was originally issued in the name of M.C. |
| Seven | October 27, 2007 | B.M. | Reactivation of a HSBC card services credit card in the name of B.M. |
| Eight | November 1, 2007 | J.S. | Reactivation of a Sears Mastercard issued by Citi Group in the name of J.S. |
| Nine | November 8, 2007 | T.E.H. | Use of a Citi Group Mastercard issued in the name of T.E.H. |
| Ten | January 9, 2008 | J.C.G. | Use of a Sears Credit Card issued by Citi Group, N.A. in the name of J.C.G. |
| Eleven | January 28, 2008 | W.K.H. | Activation of a Sears credit card issued by Citi Group, N.A. in the name of W.K.H. |

All in violation of Title 18, United States Code, Sections 1028A and 2.

## FORFEITURE ALLEGATION - 1

A. The allegations contained in Counts 1 through 5 of this Indictment are hereby realleged and incorporated by reference for the purpose of alleging forfeiture pursuant to Title 18, United States Code, Section 981(a)(1)(C), and Title 28, United States Code, Section 2461(c).

B. Upon conviction of the offenses in violation of Title 18, United States Code, Sections 1343 and 1349, set forth in Count 1 of this Indictment, the defendants,

> EDMUND LEE MCCALL, a/k/a, Trey, or Tra,
> COREY GERARD HARRIS, a/k/a., Tazz,
> NAKEISHA ROCHELLE RICHARDSON MOORE,
> ROSIE LEE MURPHY,
> ANDREW MILTON WILLIAMS, and
> VANESSA VALEASE GORDON

shall forfeit to the United States, pursuant to Title 18, United States Code, Section 981(a)(1)(C), and Title 28, United States Code, Section 2461(c), any property, real or personal, which constitutes or is derived from proceeds traceable to said violations, including, but not limited to, the following:

> Judgment in the amount of $623,565.60.

C. If any of the property described in this forfeiture allegation, as a result of any act or omission of the defendants:

  (1)   cannot be located upon the exercise of due diligence;

  (2)   has been transferred or sold to, or deposited with, a third party;

  (3)   has been placed beyond the jurisdiction of the court;

  (4)   has been substantially diminished in value; or

  (5)   has been commingled with other property which cannot be divided without difficulty,

the United States shall be entitled to forfeiture of substitute property pursuant to Title 18, United States Code, Section 981(a)(1)(C), as incorporated by Title 28, United States Code, Section 2461(c).

All pursuant to Title 18, United States Code, Section 981(a)(1)(C), and Title 28, United States Code, Section 2461(c).

## **FORFEITURE ALLEGATION - 2**

A.  The allegations contained in Counts 1 through 5 of this indictment are hereby realleged and incorporated by reference for the purpose of alleging forfeiture pursuant to Title 18, United States Code, Section 982(a)(2)(A).

B.  Upon conviction of the offense in violation of Title 18, United States Code, Section 1344, set forth in Counts 2 through 5 of this Indictment, the defendants,

ANDREW MILTON WILLIAMS, and
VANESSA VALEASE GORDON

shall forfeit to the United States, pursuant to Title 18, United States Code, Section 982(a)(2)(A), any property, real or personal, which constitutes or is derived from proceeds traceable to said violation and any property, real or personal, used to facilitate said violation, including, but not limited to, the following:

Judgment in the amount of $623,565.60.

C.  If any of the property described in this forfeiture allegation, as a result of any act or omission of the defendants:

(1)   cannot be located upon the exercise of due diligence;

(2)   has been transferred or sold to, or deposited with, a third party;

(3)    has been placed beyond the jurisdiction of the court;

(4)    has been substantially diminished in value; or

(5)    has been commingled with other property which cannot be divided without difficulty, the United States shall be entitled to forfeiture of substitute property pursuant to Title 18, United States Code, Section 981(a)(2)(A), as incorporated by Title 28, United States Code, Section 2461(c).

All pursuant to Title 18, United States Code, Section 982(a)(2)(A).

A TRUE BILL:

_____
Foreperson

GEORGE L. BECK, JR.
UNITED STATES ATTORNEY

_____
Tommie Brown Hardwick
Assistant United States Attorney

_____
Denise O. Simpson
Assistant United States Attorney